IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT C. BOLUS, SR. : | |
|     Plaintiff : | |
| : | 3:CV-07-1978 |
| V. : | (JUDGE VANASKIE) |
| : | |
| MORRISON HOMES, INC. d/b/a : | |
| Morrison Homes : | |
|     Defendant : | |

MEMORANDUM

Defendant Morrison Homes, Inc. has filed a motion to dismiss based on improper venue and failure to state a claim upon which relief may be granted. Because no substantial part of the events or omissions giving rise to Plaintiff's claim for breach of contract or fraud occurred in this judicial district and the corporate defendant is not a resident of this judicial district, the Motion to Dismiss will be granted, and, in the interests of justice, this action will be transferred to the Middle District of Florida.

I.  Background

Plaintiff, Robert C. Bolus, Sr., who proceeds *pro se*, alleges that he entered into a contract with Defendant on or about September 9, 2005, for the purchase and construction of a residence on Lot 25 of the Silver Lake subdivision (the "Development") in Bradenton, Florida.  (Dkt. Entry 1, ¶ 3.)  Plaintiff alleges that Defendant and Defendant's agents mismanaged the Development and made material misrepresentations that induced him to enter into the contract.  (Id., ¶¶ 4 - 5.)  Plaintiff contends that the mismanagement and

misrepresentations have caused his property value to decrease in excess of $100,000. (Id.) Plaintiff additionally contends that Defendant's actions in representing strict compliance with recorded covenants and then violating those covenants constituted a "bait and switch." (Id. at ¶ 8.)

The case is before this Court based on diversity of citizenship jurisdiction. (Id., ¶¶ 1 - 2.) Defendant filed the current Motion to Dismiss on February 15, 2008, asserting that Plaintiff's complaint should be dismissed due to improper venue and failure to state a viable breach of contract or fraud claim. (Dkt. Entry 16.)

II.   Discussion

According to Federal Rule of Civil Procedure 12(b)(3) a court must grant a motion to dismiss if venue is improper. Fed. R. Civ. P. 12(b)(3). When a plaintiff "files a suit in an improper forum, district courts are required either to dismiss or transfer to a proper forum." Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962)); see 28 U.S.C. § 1406(a). "In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court must generally accept as true the allegations in the complaint, unless contradicted by defendant's affidavits." Whipstock Natural Gas Servs., LLC v. Trans Energy, Inc., No. 02:08cv1084, 2008 WL 4287158, at *2 (W.D. Pa. Sept. 17, 2008) (citing Holiday v. Bally's Park Place, Inc., No. 06cv4588, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007)). "'The court may

examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor.'" Whipstock, 2008 WL 4287158, at *2 (citing Fellner v. Philadelphia Toboggan Coasters, Inc., No. 05-1052, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005)).

When a civil action's federal jurisdiction is based only on diversity of citizenship, the action may only be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Subsection (a)(1) provides proper venue when a claim is brought in a judicial district where all defendants reside. Plaintiff has not pled that Defendant is a resident of Pennsylvania, but has specifically alleged that "Defendant is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in a State other than the Commonwealth of Pennsylvania." (Dkt. Entry 1, ¶ 2.)

These averments do not, of course, end the inquiry under subsection (a)(1) because "corporations are deemed to reside in any district in which they are subject to personal jurisdiction." Kahn v. Am. Heritage Life Ins. Co., No. 06-01832, 2006 WL 1879192, at *7 n.6

(E.D. Pa. June 29, 2006). Thus, the dispositive question under subsection (a)(1) is whether Morrison Homes is subject to personal jurisdiction in the Middle District of Pennsylvania.

The sparse complaint contains no averment from which it may be inferred that Morrison Homes is subject to personal jurisdiction here. The mere act of entering into a contract with a citizen of Pennsylvania does not subject Morrison Homes to personal jurisdiction in Pennsylvania. Burger King Corp. V. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") "The requisite contacts, however, may be supplied by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).

The parties have not presented any information with respect to the terms of the agreement. It appears, however, that contemplated future consequences are limited to Florida. In this regard, performance of the agreement called for construction in Florida. There does not appear to be any actions attributable to Defendant that was directed at Pennsylvania.

In his brief in opposition to the motion to dismiss, Plaintiff has asserted that the terms of the contract were negotiated by phone while Plaintiff was in Pennsylvania and Defendant

4

was in Florida. (Dkt. Entry 21, at 2.) During the course of these negotiations, alleges Plaintiff, misrepresentations were made. (Id. at 3.) Informational communications in furtherance of a contract between a resident and a nonresident, however, do not "establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147, 152 (3d Cir. 1996) (quoting Sunbelt Corp. v. Noble, Denton & Assoc., Inc., 5 F.3d 28, 32 (3d Cir. 1993)); see Stuart v. Spademan, 772 F.2d 1185, 1193 (5th Cir. 1985) ("an exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws").

Since informational communication regarding a contract is insufficient contact for the assertion of personal jurisdiction, and Plaintiffs have alleged no additional contact with this district, Morrison Homes cannot be deemed a resident of this District for purposes of the breach of contract claim. See Vetrotex Certainteed Corp., 75 F.3d at 152. Moreover, as the allegedly deceptive conduct occurred in Florida and Morrison Homes received no benefits or protection from the Commonwealth of Pennsylvania in relation to it dealings with Plaintiff, it cannot be said that Plaintiff's fraud claim arose from Defendant's forum related activities. Thus, Morrison Homes does not have the requisite minimum contacts with Pennsylvania to sustain exercise of personal jurisdiction over it with respect to the fraud claim. See Leone v.

5

Cataldo, No. 07-3636, 2008 WL 3495634, at *7 (E.D. Pa. Aug. 11, 2008).  Thus, this Court lacks venue under 28 U.S.C. § 1391(a)(1).

Subsection (a)(2) of 28 U.S.C. § 1391 provides that venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  Here, the property in question is not located in the Middle District of Pennsylvania, but instead located in the Middle District of Florida.  Thus, for jurisdiction to be proper in the Middle District of Pennsylvania, "a substantial part of the events or omissions giving rise to the claim," must have occurred in this district.  See 28 U.S.C. § 1391(a)(2).

In determining venue, a court must ascertain "which of defendant's acts or omissions gave rise to the claim, and of those acts or omissions, which of them took place in the" judicial district.  Leone v. Cataldo, No. 07-3636, 2008 WL 3495634, at *10 (E.D. Pa. Aug. 11, 2008).  Under 28 U.S.C. § 1391(a)(2), "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,' theoretically a more easily demonstrable circumstance than where a 'claim arose.'"  Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).  When a court determines "whether a substantial part of the acts giving rise to a contract claim occurred in a district," the court should consider where the contract was negotiated, executed, performed and breached.  Leone, 2008 WL 3495634, at *10.  "'Events

or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute.'" Fellner, 2005 WL 2660351, at *3 (citing Cottman, 36 F.3d at 294).

Courts in the Third Circuit have found that "[i]n breach of contract actions, venue ordinarily will lie" in the district "where the contract was to be performed." Waste Mgmt. of Pennsylvania, Inc. v. Pollution Control Fin. Auth. of Camden County, No. Civ. A. 96-1683, 1997 WL 22575, at * 1 (E.D. Pa. Jan. 21, 1997). Here, the contract was to be performed in Florida. In a case with multiple claims, venue must be proper for each claim. Lomanno v. Black, 285 F. Supp. 2d 637, 641 (E.D. Pa. 2003). Thus, the absence of venue over the contract claim requires that Defendant's motion be granted.

TJF Assocs., LLC v. Kenneth R. Rotman & Allianex LLC, No. 05-705, 2005 WL 1458753, at *7-*8 (E.D. Pa. June 17, 2005), held that venue in the Eastern District of Pennsylvania was improper where defendant's contact with the district was limited to e-mails and phone calls that related exclusively "to the formation of the Agreement." The TJF Assocs. parties documented more than two dozen phone calls and over one hundred e-mail exchanges during the course of negotiating a contract. Id. at *1. Plaintiff's claims included breach of contract and fraud arising directly out of the breach. Id. at *7. In determining proper venue, Judge Yohn held that the e-mail and phone conversations, "while 'related to'

7

the case for purposes of establishing specific jurisdiction, did not 'give rise to' plaintiff's cause of action within the meaning of § 1391(a)(2)." Id. at *8.

Here, Plaintiff contends that Defendant and its agents "mismanaged" the Development, made material misrepresentations, and caused Plaintiff's property value to decrease due to violation of Development covenants. (Dkt. Entry 1, ¶¶ 4 - 9.)  The value of Plaintiffs property is determined by the Florida market, and any alleged violations of covenants occurred in Florida.  Additionally, any mismanagement of the Development that may have occurred, or any omission of prudent management, occurred in Bradenton, Florida.

The only act or omission that Plaintiff contends took place in Pennsylvania was the contract negotiations in which Defendant allegedly made material misrepresentations by telephone while Plaintiff was in Pennsylvania.  (Dkt. Entry 21, at 2.) Although Plaintiff was in Pennsylvania when he heard the alleged misrepresentations, Plaintiff admits that Defendant was in Florida during the conversation; thus, the misrepresentation was an act or event which Defendant allegedly performed in Florida.  (Dkt. Entry 21, at 3.)  As noted above, the test for venue is not a defendant's contacts with a particular judicial district, but the location of the acts or omissions giving rise to the claims.  Cottman, 36 F.3d at 394.

Defendant's contact with Pennsylvania, similar to the defendants in TJF Assocs., was limited to telephone conversations related "to the formation of" the contract.  See TJF

8

Assocs., 2005 WL 1458753, at *7.  Plaintiff's presence in Pennsylvania during the telephone calls  did not "give rise to" Plaintiff's cause of action.  Therefore, venue in the Middle District of Pennsylvania is improper under § 1391(a)(2).

Plaintiff's fraud cause of action appears to arise out of the breach of contract claim. (Dkt. Entry 1, ¶ 8), Thus, venue in this district is also improper for Plaintiff's fraud cause of action.  See Lomanno, 285 F. Supp. 2d at 641.

Finally, under 28 U.S.C. § 1391(a)(3), venue is appropriate in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district court in which the action may otherwise be brought."  28 U.S.C. § 1391(a)(3).  Venue in the Middle District of Florida would be proper under 28 U.S.C. § 1391(a)(2).  Plaintiff's property is located within the Middle District of Florida, the contract was performed in that district, and a substantial portion of the events and omissions that gave rise to the Plaintiff's cause of action occurred in that jurisdiction's district.  Thus, venue cannot be based upon § 1391(a)(3).

Dismissal or transfer of claims due to improper venue is governed by 28 U.S.C. § 1406.   When a case is filed in an improper venue, § 1406 allows a court to dismiss the case or to transfer it to a district where it originally could have been brought.   Intertran Corp. v. Railquip, Inc., No. 08-cv-0684, 2008 WL 3981493, at *7 (M.D. Pa. Aug. 22, 2008). "Generally, transfer to the proper forum is preferable to outright dismissal because it

9

prevents repetitive motion practice and unnecessary costs." Holiday, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007).

Defendants contend that the Middle District of Florida is the proper venue for this cause of action. (Dkt. Entry 17, at 7.) As previously discussed, a substantial number of the alleged acts and omissions involved in Plaintiff's claim occurred in Bradenton, Florida, where Plaintiff's property is located. Plaintiff's action could have been filed in the Middle District of Florida, which embraces Bradenton. Accordingly, this action will be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

III.   Conclusion

For the reasons stated, Defendant's Motion to Dismiss will be granted. An appropriate Order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. BOLUS, SR. :
        Plaintiff :
: 3:CV-07-1978
V. : (JUDGE VANASKIE)
:
MORRISON HOMES, INC. d/b/a :
Morrison Homes :
        Defendant :

ORDER

NOW, THIS 30th DAY OF SEPTEMBER, 2008, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss for Improper Venue under Rule 12(b)(3) (Dkt. Entry 16) is GRANTED.

2. The Clerk of Court is directed to transfer this case to the United States District Court for the Middle District of Florida.

3. The Clerk of Court is directed to mark this matter in this Court CLOSED.

                                            s/ Thomas I. Vanaskie
                                            Thomas I. Vanaskie
                                            United States District Judge