UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT C. BOLUS, et al.,

    Plaintiffs,

v.                                        CASE NO: 8:08-cv-1957-T-23TBM

MORRISON HOMES, INC., d/b/a
MORRISON HOMES, n/k/a TAYLOR
MORRISON SERVICES, INC.,

    Defendant.
_____/

## **ORDER**

      The plaintiffs sue (Doc. 6) Taylor Morrison Services, Inc., ("Morrison") for breach of contract, fraud, and trespass. Morrison moves (Doc. 46) to dismiss the second amended complaint or for a more definite statement, and the plaintiffs respond (Doc. 48) in opposition.

### Facts

      Morrison develops and sells homes in the Silver Lake subdivision in Bradenton, Florida. On September 9, 2005, the plaintiffs and Morrison executed a purchase and sale contract (Doc. 45-2) for a lot in Silver Lake. The parties signed an "Addendum to Contract and Restrictive Covenant" (Doc. 45-2 at 11), which provides in pertinent part as follows:

> As a material inducement for Seller to enter into this contract, Buyer hereby affirmatively warrants and covenants that (s)he intends to occupy the home residence to be constructed pursuant to this contract or reservation as her(his) primary or secondary (vacation) residence, plans to reside therein, and does not plan to lease or sublet such residence to any other person. . . .
>     . . .

> Additionally, Buyer shall not assign this agreement, nor any rights herein, nor advertise, market, list for sale, sell, transfer, assign, gift or otherwise convey the Property, or any interest therein, for a period of two years after the date of closing.

In November, 2005, the plaintiff Sophie Gregory was diagnosed with breast cancer. Shortly after receiving the diagnosis, the plaintiffs informed Eric Johnson, an agent of Morrison, that the plaintiffs "were uncertain as to whether they would be able to continue with construction of the house or occupy the Property in 2006 and wanted to change the Contract to either another undeveloped lot, sell the Property to a third party, or cancel the contract." (Doc. 45 ¶ 12) The plaintiffs allege that Johnson orally agreed to allow the plaintiffs to market the property for sale. The plaintiffs allege that the parties reduced the oral agreement to a writing denominated a "Change Order/Special Stipulations Addendum." The document states, "As of 12/14/05, buyer is released from restrict covenant agreement" (which agreement is presumably the "Addendum to Contract and Restrictive Covenant"). (Doc. 45-3) The plaintiffs allege that they attempted to market the property by posting a "For Sale" sign in the front yard "on no less than four occasions during November and the end of December, 2005." (Doc. 45 ¶ 14) Morrison promptly removed each "For Sale" sign posted by the plaintiffs.

Shortly before closing, Johnson informed the plaintiffs that Morrison no longer intended to build a community pool but that adequate space remained in the backyard for construction of a private swimming pool. (Doc. 45 ¶¶ 27-28) The plaintiffs allege that Johnson knew or should have known that certain easements and landscaping required by the subdivision development plan rendered impossible construction of swimming pool in the backyard. (Doc. 45 ¶ 29) The plaintiffs allege that Johnson

uttered the false statement "to induce [the plaintiffs] to close on the Property."  (Doc. 45 ¶ 30)  On December 30, 2005, the parties closed the sale and Morrison conveyed the property to the plaintiffs.  (Doc. 45 ¶ 17)  Two weeks after closing, Morrison entered the property and "planted a tree in the middle of the backyard . . ., which the Silver Lake Homeowner's Association claims cannot be removed because it is required by the subdivision development plan."  (Doc. 45 ¶ 31)

## Standard of Review

During resolution of a motion to dismiss, allegations in the complaint are accepted as true and construed favorably to the opposing party.  Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998).  Under the notice pleading standard of the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  However, neither a conclusory allegation nor "a legal conclusion couched as a factual allegation" supports the sufficiency of a complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

## Discussion

In Count I, the plaintiffs sue for breach of the agreement to allow the plaintiffs to market the property for sale before closing.  In Count II, the plaintiffs sue for fraud arising from Johnson's false statement inducing the plaintiffs to close on the property.  In Count III, the plaintiffs sue for trespass as a result of Morrison's entering the property to plant a tree in the middle of the backyard.

To state a claim for breach of contract, the plaintiffs must allege "(1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999). Construed favorably to the plaintiff, Count I alleges that Morrison orally agreed to allow the plaintiffs to market the property and that Morrison breached the agreement by removing the plaintiffs' "For Sale" sign. The plaintiffs allegedly suffered damage arising from lost opportunities to sell the property and from a decline in the property's fair market value. Count I contains a "short and plain statement" of the plaintiffs' claim for breach of contract. See Rule 8, Federal Rules of Civil Procedure. Accordingly, the motion (Doc. 46) to dismiss Count I is **DENIED**.

Count II purports to state a claim for fraud. To state a claim for fraud, the plaintiffs must allege that (1) Morrison misrepresented a material fact, (2) Morrison knew the statement was false, (3) Morrison uttered the statement to induce an action by the plaintiffs in reliance on the statement, and (4) the plaintiffs justifiably relied on the statement and suffered damage as a result of the reliance. See Pulte Home Corp. v. Osmose Wood Preserving, Inc., 60 F.3d 734, 742 (11th Cir. 1995). The plaintiffs allege that "shortly before closing" Johnson misrepresented whether adequate space existed in the backyard for construction of a private swimming pool. The plaintiffs allege that Johnson "knew or should have known . . . that construction of a swimming pool in the backyard of the Property was impossible due to easements and landscaping required by the development plan." (Doc. 45 ¶ 29) The plaintiffs allege that Johnson uttered the statement "to induce [the plaintiffs] to close on the property." (Doc. 45 ¶ 30) This allegation defeats the claim.

By alleging that Johnson's statement induced the plaintiffs to close on the property, the plaintiffs admit that Johnson uttered the statement after execution of the purchase and sale contract but before closing.[1] Paragraph 16 of the purchase and sale contract requires the plaintiffs to close on the property at a specified time and grants the plaintiffs no "option" to decline to close. Thus, Johnson's statement induced no justifiable reliance because an existing contract bound the plaintiffs to close on the property. Accordingly, with respect to Count II, the motion to dismiss is **GRANTED**, and Count II is **DISMISSED**.[2]

Finally, Count III states a claim for trespass. "'Trespass to real property is an injury to or use of the land of another by one having no right or authority.'" Glen v. Club Mediterranee, S.A., 450 F.3d 1251, 1254 (11th Cir. 2006) (quoting Guin v. City of Riviera Beach, 388 So.2d 604, 606 (Fla. 4th DCA 1980)). The plaintiffs allege that "[t]wo weeks after closing, [Morrison] enter[ed] the Property and planted a tree in the middle of the backyard . . . ." (Doc. 45 ¶ 31) The plaintiffs allege that Morrison lacked "permission to enter the Property for the purpose of planting a tree." (Doc. 45 ¶ 34)

In support of dismissal, Morrison argues that a provision of the parties' contract grants Morrison an easement allowing Morrison to enter the plaintiffs' property "to promote or otherwise facilitate the development, construction, and sale and/or leasing of Lots and Homes and other lands designated by [Morrison]." (Doc. 46 at 6) The

---

[1] The plaintiffs' reliance on Johnson v. Davis, 480 So. 2d 625 (Fla. 1985), is misplaced. Johnson allows a fraud claim against a vendor who breaches a duty to "reveal latent material defects to a buyer." 480 So. 2d at 628. The absence of space for a private swimming pool is not a "latent material defect," and the plaintiffs fail to allege that before execution of the purchase and sale contract Johnson concealed any aspect of the development plan.

[2] The plaintiffs' failure to plead each element of the fraud claim obviates the need to address the defendant's argument related to the economic loss rule.

plaintiffs dispute the breadth of the easement. (Doc. 48 ¶ 6) However, the plaintiff's alleged consent (through the contractual easement) to Morrison's entering the property arises only as an affirmative defense to the trespass claim and is not properly considered during resolution of a motion to dismiss. Accordingly, the motion to dismiss Count III is **DENIED**.

Conclusion

Morrison's motion (Doc. 46) to dismiss or for a more definite statement is **GRANTED IN PART** and **DENIED IN PART**. The motion to dismiss is **GRANTED** as to Count II, and Count II is **DISMISSED**. The motion to dismiss is otherwise **DENIED**. To the extent the motion seeks a more definite statement as to Count II, the motion is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on March 12, 2009.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE