UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT C. BOLUS, SR., and
SOPHIE GREGORY,

    Plaintiffs,

v.                                              CASE NO: 8:08-cv-1957-T-23TBM

MORRISON HOMES, INC., d/b/a
MORRISON HOMES n/k/a TAYLOR
MORRISON SERVICES, INC.,

    Defendant.
_____/

## **ORDER**

    Count three of the amended complaint (Doc. 45) alleges that the defendant trespassed on the plaintiffs' property when the defendant—after closing and without permission—planted a tree in the plaintiffs' back yard. Although the defendant claims a right to access the plaintiffs' property under a development easement in the Silver Lake declaration of restrictions, a December 9, 2009, order (Doc. 93) finds that the defendant failed to establish that the defendant is either the developer or an assignee of the developer's rights under the development easement. Additionally, the order (Doc. 93) finds that the plaintiffs failed to show that as a result of the trespass the plaintiffs suffered either a diminution in the value of the plaintiffs' property or more than nominal damages. The order directs the parties to show cause why judgment on count three for nominal damages should not be granted in favor of the plaintiffs.

In response, the plaintiffs argue for an award of damages in excess of $1.00 because of both the "expenses associated with the removal of the tree" and the "diminution of the value of the property during the time period the tree has been in place." To support the plaintiffs' estimate of damages, the plaintiffs provide the affidavit (Doc. 103) of the plaintiff Robert Bolus ("Bolus"), which affidavit states (1) that "[l]awn re-sodding, fill[,] and re[-]rolling amounts to $2000," (2) that the "estimated" cost of litigating with the homeowner's association for both the plaintiff's right to remove the tree and the plaintiff's right to install a swimming pool amounts to $7,500; and (3) that, because the installation of a "lap pool" would increase the property's value by $17,000, "[t]he loss incurred for the failure to install the lap pool is $17,000."

The defendant argues (1) that no trespass occurred and (2) that, even if a trespass occurred, the plaintiffs deserve only nominal damages. Specifically, the defendant asserts that the defendant's corporate representative "was unable to conclusively testify" as to the defendant's right to use the development easement because the corporate representative began working for the defendant in October, 2007 (nearly two years after the plaintiffs closed on the property). The defendant cites the deposition testimony of the defendant's sales agent, Eric Johnston ("Johnston"). Johnston testified that the defendant planted the tree pursuant to the defendant's "development agreement with the [c]ounty," which agreement required the defendant "to install trees along the back easement of the property." The defendant argues that "with or without reference to the [d]eclaration, [the defendant] committed no trespass" because the defendant "was required by the county to plant a tree in the [p]laintiffs'

backyard." The record, however, contains no evidence, other than Johnston's deposition, of the purported development agreement with the county. The defendant also argues (1) that the plaintiffs suffered no damage because the plaintiffs intended to increase the sale price of the property after installing a swimming pool and (2) that Bolus's affidavit is untimely, "insufficient as a matter of law," and "provides no legitimate basis for a damage award."

Based on both (1) the parties' responses to the order to show cause and (2) the lack of evidence on the record, the plaintiff's trespass claim is not susceptible to judgment in favor of either party. Accordingly, a subsequent order will set this action for a bench trial on the plaintiff's trespass claim (count three of the amended complaint) during the May 3, 2010, trial calendar.

ORDERED in Tampa, Florida, on April 28, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE